UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FELIX RAMON BAUTISTA-ROSARIO,
SARAH HAYDEE ROJAS-PENA,
FELIX RAMON BAUTISTA-ABREU,
FELIX JOSE BAUTISTA-ABREU,
FELIX AUGUSTO BAUTISTA-ABREU,
FELIX FIDEL BAUTISTA-GRULLON,
Y.B.B., a minor, S.A.B.R., a minor, and
S.B.R., a minor,
Mayreni 47
Los Cacicazgos
Santo Domingo, Dominican Republic,

                    Plaintiffs,


            v.                                          Civ. No.: 20-    (    )

STEVEN T. MNUCHIN,                                      **COMPLAINT**
  in his official capacity as
  Secretary of the United States
  Department of the Treasury,                           **ECF**
1500 Pennsylvania Avenue NW
Washington, D.C. 20220

            and

THE UNITED STATES DEPARTMENT OF
THE TREASURY,
1500 Pennsylvania Avenue NW
Washington, D.C. 20220

            and

ANDREA M. GACKI
  in her official capacity as
  Director of the United States Department of
  the Treasury Office of Foreign Assets Control,
1500 Pennsylvania Avenue NW
Washington, D.C. 20220

            and

THE OFFICE OF FOREIGN ASSETS
CONTROL,
1500 Pennsylvania Avenue NW
Washington, D.C. 20220

            and

MICHAEL R. POMPEO,
  in his official capacity as
  Secretary of the United States
  Department of State,
2201 C. Street NW
Washington, D.C. 20520

        and

UNITED STATES DEPARTMENT OF STATE,
2201 C. Street NW
Washington, D.C. 20520

        and

CARL RISCH,
  in his official capacity as
  Assistant Secretary (Consular Affairs)
  of the United States Department of State,
2201 C. Street NW
Washington, D.C. 20520

        and

BUREAU OF CONSULAR AFFAIRS
UNITED STATES DEPARTMENT OF STATE
2201 C. Street NW
Washington, D.C. 20520,

        Defendants.

_____

     Plaintiff, Felix Ramon Bautista-Rosario  ("Bautista"/"plaintiff"), a sitting Senator in the Dominican Republic and his family members, Sarah Haydee Rojas-Pena, Felix Ramon Bautista-Abreu, Felix Jose Bautista-Abreu, Felix Augusto Bautista-Abreu, Felix Fidel Bautista-Grullon, Felix Miguel Bautista Soler, Y.B.B., S.A.B.R., S.B.R., minors, ("his Family"), as and for their complaint for a writ of mandamus, as well as for declaratory and injunctive relief, damages and fees against defendants, Office of Foreign Assets Control ("OFAC"), which is under the direction of defendant, Andrea M. Gacki and is a branch of the defendant, Department of the Treasury, which is under the direction of defendant, Steven T. Mnuchin, and Carl Risch, Assistant Secretary of State for Consular

Affairs, which is a branch of the defendant Department of State, which in under the direction of defendant, Michael R. Pompeo, and in support of their complaint allege:

### *Statement of the Case*

1.      This lawsuit is necessary to end the presumably unwitting participation of the United States in a malicious campaign to damage Senator Bautista's reputation and standing in the community and cause him, his Family, his businesses and charitable works financial losses and damage to their reputation and standing. Senator Bautista was, and continues to be, the victim of false and highly prejudicial allegations and misinformation, and rumors, promulgated, upon information and belief, by bad actors as part of an effort to undermine his reelection campaigns for the senate and for other political advantage during his long career and otherwise damage him in business and smear his reputation. The misinformation included false and malicious allegations of corruption that first came to the attention of defendants, the United States Consular General in the Dominican Republic and the Department of State, causing the wrongful revocation of the visas of plaintiff and his Family on or about June 2, 2017.

2.      Upon information and belief, plaintiff and his Family were privately designated as ineligible for entry into the United States under Section 7031 of the FY 2017 Department of State, Foreign Operations, and Related Programs Appropriations Act due to plaintiff's wrongfully alleged corrupt conduct.

3.      On or about June 12, 2018 the private designation was amended to a public designation that plaintiff and his Family were ineligible for entry into the United States under Section 7031(c)(1)(A) of the FY 2018 Department of State, Foreign Operations, and Related Programs Appropriations Act ("the 7031 Designation").

4.      Also on or about June 12, 2018, the Treasury Department, OFAC, further aided and abetted the scheme to damage the reputation and standing of Senator Bautista by adding him to the Office of Foreign Assets ("OFAC") Specially Designated Nationals List pursuant to Executive Order

13818, 12/20/17 - Global Magnitsky for purported involvement in significant corruption ("the OFAC Designation"). Five business entities owned by Senator Bautista were also designated by OFAC: Constructora Hadom SA, Soluciones Electricas Y Mecanicas Hadom S.R.L., Seymeh Ingenieria SRL, Inmobiliaria Rofi SA, and Constructora Rofi SA ("the Businesses").

5.      By virtue of the OFAC and 7031 Designations, Senator Bautista and his Family were barred entry into the United States and subjected to sanctions blocking financial activities and various banking and business transactions.

6.      Several filings, which included a multitude of supporting documents, were submitted on behalf of plaintiff and his Family seeking the renewed issuance of certain visas.  With respect to the OFAC Designation, a petition for de-listing of plaintiff and the Businesses was submitted by plaintiff pursuant to 31 CFR §501.807.  Additionally, a request for the administrative file was submitted seeking the substantive grounds for the OFAC Designation.  The visa applications remain under administrative review and OFAC has failed to respond to the petition and the request for the administrative file.

7.      It is a material element of this action that plaintiff and his Family are without any information concerning the substance of the allegations against them and the underlying grounds and factual bases for the 7031 Designation and the OFAC Designation due to defendants' failure to substantively respond to submissions, filings, correspondence and other oral and written requests for information.

8.      The 7031 Designation of Senator Bautista and his Family, and the OFAC Designation of Senator Bautista and the Businesses, were, and continue to be, baseless, arbitrary and/or capricious, without proper investigation and inquiry, outside the bounds of defendants' legal authority and in violation of defendants' due process obligations to provide to plaintiffs meaningful notice and opportunity to be heard.

### Jurisdiction and Venue

9.     This action arises under the United States Constitution and the Administrative Procedure Act, 5 U.S.C. §701 *et seq*.   The district court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.

10.     This court has jurisdiction under 28 U.S.C. §1361 to issue a writ for the relief requested.

11.     This court has the power to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., and Fed. R. Civ. P. 57.  This court may grant injunctive relief pursuant to Fed. R. Civ. P. 65.

12.     Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which defendants reside.  See 28 U.S.C. §1391(b) and (c).

### The Parties

13.     Plaintiff, Senator Bautista, is currently a Senator in the Dominican Republic.  He has been a public figure and businessman for decades and has a reputation as a philanthropist, community leader, politician and business entrepreneur.

   a.     His work has caused him to travel often to the United States to campaign amongst the Dominican diaspora (who are permitted to vote for president of the Dominican Republic) as well as to pursue business interests and  charitable efforts of behalf of his constituents.

   b.     Plaintiff has received many acknowledgments and awards for his efforts. Because he has been involved in government, his business practices have always been subject to high ethical standards and constant public scrutiny. The accusations implicit in the 7031 and OFAC Designations to the effect that he has acted in a corrupt or deceitful manner are inconsistent with the reputation and standing of Senator Bautista earned through years of political, business and charitable activity.

14.     Sarah Haydee Rojas-Pena, plaintiff's spouse, is presently the owner and operator of

Intelar Corporation, SRL, from which she provides architectural services.  She is also the owner of Sabaro, an interior design company.  Ms. Rojas also owns real estate in Miami, Florida.  These business and property interests are owned independently from her husband.  Nevertheless, as a result of the 7031 Designation, her ability to conduct business and banking has been seriously compromised.  As the owner of an architect and interior design firm, she is required to attend various international trade shows as a part of her client services to enable her to remain competitive in the market.  Further, Ms. Rojas-Pena's banking relations are essential to her  business.  The 7031 and OFAC Designations of her husband have fatally interfered with the conduct of her  business, a detriment that she does not deserve.  Proper management of her Florida property, including the payment of taxes and other charges and costs, is impossible without access to United States banking.

    15.    Felix Ramon Bautista-Abreu is a graduate of a United States university and works in the Dominican Republic managing one of the businesses included on the OFAC Designation, Seymeh Ingenieria, SRO, with his father.

        a.    As a result of the listing, he has been unable to conduct business.

        b.    Further, he is married to Jamie Marie Ritchey, a United States citizen by birth. Ms. Ritchey petitioned for permanent residency for her husband on October 26, 2017.   An adjudication interview took place on January 11, 2018,  at which time the adjudicator validated the bona fides of the marriage.  The interview ended, however, without an adjudication inasmuch as the officer advised that the case would  be under administrative review.  The officer retained Felix Ramon's Dominican passport. Ms. Ritchey inquired as to the time frame for a final adjudication, but the officer provided no definite deadline.

        c.    Upon information and belief, the reason for the failure to adjudicate Felix Ramon's permanent residency application and for the retention of his passport is the 7031 Designation.  Repeated requests for an explanation have produced no substantive response.

    16.    Felix Jose Bautista-Abreu's B1/B2 visa was revoked on June 8, 2017.  He petitioned

for a B1/B2 visa, but due to the present issues, an appointment pending on January 31, 2018 did not occur.

17.     Felix Augusto Bautista-Abreu previously held an F1 student visa, with respect to his attendance at Western Michigan University pursuant to a scholarship. On June 8, 2017, however, he was advised that his visa had been revoked but received no details. On August 28, 2017, Felix Augusto reapplied for an F1 visa. His interview was held on October 30, 2017, at which time he submitted a certification with supporting documentation. He was then given a letter indicating that his visa application "has been refused under article 221(g) of the United States Immigration and Nationality Act (INA)." His request is subject to further administrative processing. Felix is thus barred from returning to Michigan State University to complete his studies, on the scholarship that he was granted. The young man is a credit to his family, the university and the public. Yet, he is being maltreated without good cause or justification.

18.     Felix Fidel Bautista-Grullon resides in Santo Domingo. He held a B1/B2 visa which expired. A renewal was later denied.

19.     YBB is 15 years old. She resides in Santo Domingo, Dominican Republic. Her visa has expired and her application for renewal of her B1/B2 visa was denied.

20.     SABR is 9 years old. She is no longer able to participate in international events hosted in the United States by her bi-lingual school because of the inability to travel to the United States.

21.     SBR is 4 years old. An application for a B1/B2 visa was submitted and interview dates were scheduled, but due to the issues confronting the family, the interviews did not occur.

22.     OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The U.S. Department of the Treasury is also responsible for

overseeing OFAC. OFAC is responsible for administering U.S. economic sanctions programs, including the administration of the Specially Designated Nationals List pursuant to Executive Order 13818, 12/20/17 - Global Magnitsky to which plaintiff was designated.

23.     Defendant, Steven T. Mnuchin, is the Secretary of the Treasury of the United States. Mr. Mnuchin was, and continues to be, responsible for oversight of OFAC in his official capacity.

24.     Defendant, Andrea M. Gacki is the Director of OFAC. In this role, Ms. Gacki was, and continues to be, responsible for the OFAC Designation of Senator Bautista, his Family and the Businesses.

25.     The Department of State is responsible for administering the private and public designations of persons ineligible to enter the United States pursuant to §7031(c) of the FY 2018 Department of State, Foreign Operations, and Related Programs Appropriations Act.

26.     Defendant, Michael R. Pompeo, is the Secretary of State. Mr. Pompeo was, and continues to be, responsible for oversight of the State Department, including,

27.     Defendant, Carl Risch, who is the Assistant Secretary of State (Consular Affairs) at the Department of State, responsible for the issuance of travel documents and visas.

### *Factual Allegations*

28.     Plaintiff repeats and realleges the facts stated above.

29.     It is plaintiff's best information and belief that he did not knowingly or willfully commit, or aid or abet the commission of, any acts that violated any laws, rules or regulations so as to merit the action taken by defendants to publish the 7031 or OFAC Designations.

30.     Plaintiff's and his Family's efforts to ascertain the substantive facts concerning the reason for his 7031 and OFAC Designations and his Family's 7031 Designation have been futile.

31.     The 7031 and OFAC Designations have caused Plaintiff and his Family irreparable harm resulting in damages.

32.     Senator Bautista's considerable charitable efforts have also been adversely affected

by his 7031 and OFAC Designations. He is responsible for the founding, management, development and promotion of FUNDI, a charitable organization that assists impoverished Dominican Republic citizens with health issues, housing, education, scholarships and medical assistance. FUNDI also provides sports programs to those otherwise unable to participate in organized sports.  The organization was established in 1999 and continues to date.

      a.     FUNDI succeeds because of Senator Bautista and his contacts both in the United States and in other countries. Prior to the Designations, FUNDI entered into many international exchange and cooperative programs, funding for which often came in whole or in part from donors in the United States.   In order to accomplish his charitable works plaintiff has made numerous trips to the United States.

      b.     His most recent successful cooperative program was an exchange and assistance program with Jackson Memorial Hospital in Miami, Florida.

      c.     Also, a cooperative program was entered into with the National Conservatory of Music of Puerto Rico, enabling it to accept Dominican students on a merit basis regardless of income.

33.     Thus, the Designations have not only impacted Senator Bautista and his family but has had adverse consequences on the many thousands of impoverished people served by FUNDI's charitable works. Limiting the potential growth and continued success of FUNDI due to a termination of Senator Bautista's ability to promote the  organization in this country is a tragic consequence of the Designations.

        *Plaintiffs' Response to the Revocation/Denial of Renewal of*
        *Plaintiffs' Visas and/or the 7031 and OFAC Designations*

34.     In response to the revocation/denial of renewal of plaintiffs' visas and/or the 7031 and OFAC Designations, plaintiffs took action in an attempt to learn the reason and provide an informed response, which action included:

<u>With Respect to the 7031 Designation</u>

        a.        Plaintiff retained private investigator Edward Kacerosky (ret., S.A./HSI). to investigate plaintiff's personal, political and professional background which revealed the activities of various bad actors with potential motives to defame and cause plaintiff injury.  The investigation included:

                i.        Interviews of dozens of witnesses in the Dominican Republic and Haiti;

                ii.        Photographing business sites, construction areas and buildings;

                iii.        Retrieval and review of hundreds of documents, including judicial files and banking and business documents;

                iv.        Submission of FOIA requests; and

                v.        Administration of a polygraph test.

<u>With Respect to the OFAC Designation</u>

        b.        Investigator Kacerosky supplemented his initial investigation.  A Petition for administrative de-listing which included thousands of pages of exhibits gathered and reviewed by Investigator Kacerosky was then submitted on August 16, 2018. The Petition sought a substantive review of the OFAC Designation pursuant to 31 CFR §501.807(a).

                i.        Months after submitting the Petition with no response, plaintiff was advised that the Petition was never received.

                ii.        Thereafter, plaintiff was advised that the Petition was received but could not be located.

                iii.        On January 8, 2019, five months after submission, an unknown representative from OFAC sent a communication to plaintiff's counsel requesting an index of the documents despite the fact that the Petition as submitted contained an extensive index.

                iv.        No substantive response to the Petition has been received as required

by §501.807(d).

35.     On October 10, 2019, a written request for a copy of the administrative record of plaintiff's listing as a Specially Designated National, Global Magnitsky was transmitted.  Receipt of the request was acknowledged on the same date, via email.  To date, eleven months later, no further communication has been received, nor have the documents requested been provided.

36.     No fewer than seven communications have been directed to OFAC with regard to the OFAC Designation, in addition to the request for the administrative record, and only form responses have been received in response.

37.     Offers have been extended to OFAC, pursuant to 31 C.F.R. §501.807(c), to provide a demonstrably respected and reliable witness to meet with an OFAC investigator concerning any issues that OFAC has with regard to Senator Bautista's affairs that may impact a consideration of de-listing him.  No response has been received.

### *Causes of Action*

### Count I

Defendants' 7031 Designation of Senator Bautista and His Family
Was in Violation of the Administrative Procedure Act

38.     Plaintiffs repeat and reallege the facts set forth above.

39.     Defendants' 7031 Designation of Senator Bautista was:

a.     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

b.     contrary to constitutional right, power, privilege, or immunity;

c.     in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and/or

d.     without observance of procedure required by law.

40.     Defendants' 7031 Designation of Senator Bautista's Family was:

a.     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law;

        b.     contrary to constitutional right, power, privilege, or immunity;

        c.     in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and/or

        d.     without observance of procedure required by law.

41.     Defendants' 7031 Designation constitutes a violation of the Administrative Procedure Act, 5 U.S.C. §701, *et seq.*

42.     Defendants' 7031 Designation should be held unlawful and set aside pursuant to 5 U.S.C. §706(2)(A)-(F).

Count II

Defendants' Failure to Provide Sufficient Notice of the 7031<br>Designation of Senator Bautista and His Family Is a Violation of<br>Their Fifth Amendment Rights to Due Process

43.     Plaintiffs repeat and reallege the facts set forth above.

44.     Senator Bautista has a right to review a report prepared pursuant to 7031(c)(4)-(6) of the FY 2017 Department of State, Foreign Operations, and Related Programs Appropriations Act that, in relevant part, describes the information related to the corruption that rendered him ineligible for entry into the United States.

45.     Defendants have failed to comply with Section 7031(c)(4-6) depriving plaintiff of the information to which he is entitled.

46.     Defendants have failed to provide notice sufficient to meet the standards of due process requiring defendants to apprise plaintiffs of the reasons for their 7031 Designation so as to provide them with an opportunity to investigate the allegations and meaningfully respond.

47.     Defendants have failed to provide sufficient notice for their 7031 Designation in violation of plaintiffs' rights under the Fifth Amendment to the Constitution of the United States.

48.     Defendants have failed to perform their official duties by unlawfully delaying agency

action.

49.     As a result, plaintiff and his Family have been left in legal limbo, wrongfully deprived of a legal remedy.

50.     Plaintiffs are entitled to the issuance of a writ of mandamus directed to the State Department compelling it to comply with Section 7031(c)(4-6) within an appropriate period of time as determined by this court.

51.     Alternatively, plaintiffs are entitled to receipt of a report providing them with the information required pursuant to Section (c)(4).

<u>Count III</u>

> Defendants' Failure to Publicly Identify the Methods, Procedures and Rules Whereby Senator Bautista and His Family May Request Reconsideration of Their 7031 Designation Violates the Administrative Procedure Act

52.     Plaintiffs repeat and reallege the facts set forth above.

53.     Pursuant to the APA, courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §706(1).

54.     The APA requires agencies to publicly identify "the established places at which, the employees from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions." 5 U.S.C. § 552(a)(1)(A).

55.     The APA requires agencies to publicly identify "statements of the general course and method by which its functions are channeled and determined . . ." 5 U.S.C. § 552(a)(1)(B). This includes, inter alia, identifying the nature and requirements of available procedures. *Id*.

56.     The APA requires agencies to publicly identify "rules of procedure." 5 U.S.C. §552(a)(1)(C).

57.     Defendants have failed to publicly identify the places at which, the employees from whom, and the methods by which plaintiffs can challenge their public designation under Section 7031. Thus, defendants have unlawfully withheld that information and have acted not in accordance

with law or without observance of procedure required by law, in violation of the APA.

58.     By failing to identify the procedures available for plaintiffs to challenge their designation under Section 7031, defendants have unlawfully withheld those rules and procedures and have acted not in accordance with law or without observance of procedure required by law in violation of the APA.

Count IV

Defendants' Unreasonable Delays in Violation of Section 7031
Warrant a Declaratory Judgment

59.     Plaintiff repeats and realleges the facts set forth above.

60.     Defendants have failed to issue a report as required pursuant to Section 7031(c)(4-6).

61.     The court should declare failure to issue the report unreasonable and unlawful.

Count V

Defendants' OFAC Designation of Senator Bautista and the
Businesses Pursuant to Executive Order 13818 Was an Arbitrary and
Capricious Agency Action Proscribed by the Administrative
Procedure Act

62.     Plaintiff repeats and realleges the facts set forth above.

63.     Defendants' OFAC Designation of Senator Bautista and the Businesses was:

a.     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

b.     contrary to constitutional right, power, privilege, or immunity;

c.     in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and/or

d.     without observance of procedure required by law.

64.     Defendants' OFAC Designation constitutes a violation of the Administrative Procedure Act, 5 U.S.C. §701, *et seq*.

65.     Defendants' OFAC Designation should be held unlawful and set aside pursuant to

-14-

5 U.S.C. §706(2)(A)-(F).

Count VI

Defendants' Failure to Provide Sufficient Notice of the OFAC Designation of Senator Bautista and the Businesses Pursuant to Executive Order 13818 Was a Violation of His Fifth Amendment Right to Due Process

66.    Plaintiff repeats and realleges the facts set forth above.

67.    Plaintiff has a right to notice of his OFAC Designation.  Notice sufficient to meet the standards of due process requires defendants to apprise plaintiff of the reasons for his Designation so as to provide him with an opportunity to investigate the allegations and meaningfully respond.

68.    Defendants have failed to provide sufficient notice for their OFAC Designation in violation of plaintiff's rights under the Fifth Amendment to the Constitution of the United States.

69.    The OFAC Designation should be set aside.

Count VII

Defendants' Failure to Provide Sufficient Notice of the OFAC Designation of Senator Bautista and the Businesses Pursuant to Executive Order 13818 Was a Violation of the Administrative Procedure Act

70.    Plaintiff repeats and realleges the facts set forth above.

71.    Defendants' failure to provide sufficient notice for their OFAC Designation of plaintiff was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

72.    Defendants' failure to provide sufficient notice constitutes a violation of the Administrative Procedure Act, 5 U.S.C. §701, *et seq*.

73.    Defendants' OFAC Designation should be set aside pursuant to 5 U.S.C. §706.

Count VIII

Defendants' Unreasonable Delays in Violation of the Administrative Procedure Act Warrant a Declaratory Judgment

74.    Plaintiff repeats and realleges the facts set forth above.

75.    Defendants' failure to render a decision on plaintiff's petition for delisting over a

-15-

period of more than two years constitutes "agency action" for purposes of the Administrative Procedure Act.

76.     As a person subject to OFAC Designation plaintiff had a right under 31 C.F.R. 501.807 to seek administrative review of his designation and removal from the list and to receive a written decision from OFAC.

77.     Under the Administrative Procedure Act, 5 U.S.C. 706(1), plaintiff has a right to judicial review of OFAC's actions, including the right to ask the court to "compel agency action unlawfully withheld or unreasonably delayed."

78.     OFAC has violated the Administrative Procedure Act by unreasonably delaying its decision on plaintiff's petition for delisting.  The court should declare the 26 month delay to be unreasonable and unlawful.

## Count IX

Defendants' Unreasonable Delays in Violation of the Administrative
Procedure Act Warrant Issuance of a Writ of Mandamus

79.     Plaintiff repeats and realleges the facts set forth above.

80.     Defendants have failed to perform their official duties by unlawfully delaying agency action.

81.     As a result, plaintiff and his Family have been left in legal limbo, wrongfully deprived of a legal remedy.

82.     Plaintiffs are entitled to the issuance of a writ of mandamus directed to OFAC compelling it to decide plaintiff's petition for delisting within an appropriate period of time as determined by this court.

## Count X

The Designations Constituted the Wrongful Taking of Property
Without Just Compensation

83.     Plaintiffs repeat and reallege the facts set forth above.

-16-

84.     The Fifth Amendment of the United States Constitution prohibits the taking of private property for public use without just compensation.

85.     The 7031 and/or the OFAC Designation completely deprive(s) plaintiffs of economically beneficial use of their name, reputation, property and assets without just compensation.

86.     Defendants' failure to revoke the respective Designations constitute a constructive denial of plaintiffs' requests for removal.

87.     The final agency action taken by defendants on or about June 12, 2018 has violated and continues to violate plaintiffs' rights afforded to them by the Fifth Amendment takings clause.

*Relief Requested*

Wherefore, pursuant to the claims set forth above, plaintiffs request that this court:

<u>With Respect to the 7031 Designation</u>

1.     Issue an order vacating the 7031 Designation of Senator Bautista and His Family;

2.     Order defendants to identify the established places at which, the employees from whom, and the methods whereby, plaintiffs may obtain information, make submittals or requests, or obtain decisions;

3.     Order the restoration to Senator Bautista and His Family valid visas or the rehearing or immediate resumption of proceedings to restore visa/passports to Senator Bautista and His Family;

4.     Issue a writ of mandamus ordering the State Department to revoke the 7031 Designation of plaintiffs;

5.     Issue a writ of mandamus ordering State Department to disclose or provide sufficient alternative means by which plaintiffs can obtain constitutionally adequate notice of the factual bases and grounds for the 7031 Designation;

6.     Order defendants to rescind the 7031 Designation;

7.     Declare Senator Bautista's 7031 Designation to be unlawful;

8.    Order defendants to disclose or provide sufficient alternative means by which plaintiffs can obtain constitutionally adequate notice of the factual bases and grounds for their 7031 Designation;

9.    Order defendants to retract and correct any public statements attributing to plaintiffs conduct that warrants the 7031 Designation; and/or

10.    Enjoin defendants from publicly disseminating any statements of alleged unlawful conduct or other conduct that would warrant a 7031 Designation without lawful reason.

<u>With Respect to the OFAC Designation</u>

11.    Issue an order vacating Senator Bautista's OFAC Designation;

12.    Issue an order vacating the inclusion of the Businesses in the OFAC Designation;

13.    Issue a writ of mandamus ordering OFAC to remove plaintiff and the Businesses from the Global Magnitsky List;

14.    Issue a writ of mandamus ordering OFAC to disclose or provide sufficient alternative means by which Senator Bautista can obtain constitutionally adequate notice of the factual bases and grounds for his OFAC Designation;

15.    Order defendants to rescind Senator Bautista's and the Businesses OFAC Designation;

16.    Declare Senator Bautista's and the Businesses OFAC Designation to be unlawful;

17.    Order defendants to disclose or provide sufficient alternative means by which Senator Bautista can obtain constitutionally adequate notice of the factual bases and grounds for his OFAC Designation;

18.    Order defendants to retract and correct any public statements attributing to plaintiff conduct that warrants inclusion on the Global Magnitsky List; and/or

19.    Enjoin defendants from publicly disseminating any statements of alleged unlawful conduct or other conduct that would warrant a special designation without lawful reason.

-18-

<u>Additional Relief</u>

20.    Award plaintiffs, jointly and severally, damages incurred since being placed subjected to the 7031 and/or the OFAC Designations arbitrarily and the subsequent failure to revoke the Designations.

21.    Award plaintiffs, jointly and severally, damages incurred by reason of defendants' failure to provide required notice of the bases for the 7031 and/or OFAC Designations or to respond to requests for disclosure of information concerning the bases of the 7031 and/or OFAC Designations.

22.    Award costs and attorneys' fees to plaintiffs, jointly and severally, under the Equal Access to Justice Act, 28 U.S.C. §2412, *et seq*., and any other applicable provision of law; and

23.    Award any other and further relief that to this court appears proper and just.

Respectfully submitted,


S/Linda George

_____
LINDA GEORGE
*Attorney for Plaintiffs*

577 Summit Avenue
Hackensack, New Jersey 07602
(201) 487-5225
USDC DC Bar No: NY0080


Dated: September 29, 2020